UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | |
| v. | : | 1:20-MJ-12PAS |
| | : | |
| CASIMIRO PEREIRA | : | |

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court is the motion of Defendant Casimiro Pereira for self-representation in connection with a motion to dismiss the criminal complaint that he filed *pro se*, despite having court-appointed counsel. ECF No. 13. The motion for self-representation was addressed by counsel for the parties at the bond hearing in this matter, which was held on March 4, 2020.

A defendant has a right to be represented by counsel, or to proceed *pro se,* but does not have the right to "hybrid representation," that is, choosing those portions of the proceeding he wishes to conduct and leaving the rest to counsel. United States v. Campbell, 61 F.3d 976, 981 (1st Cir. 1995); United States v. Caramadre, Cr. No. 11-186-ALL-S, 2013 WL 5565862, at *1 (D.R.I. Oct. 8, 2013). District courts have discretion to deny hybrid representation outright or to place reasonable limitations and conditions upon the arrangement, considering such factors as the burden that it would impose on the Court, which must protect the defendant from the consequences of his own folly. Id.

In this instance, the motion to dismiss that Defendant proposes to pursue *pro se* is grounded in a theory that rests on an earlier version of applicable law classifying various forms of methamphetamine. Since the law changed, this theory has been soundly and repeatedly

rejected.  See, e.g., Lugue v. Lynch, 640 F. App'x 545, 549 (7th Cir. 2016) ("all forms of methamphetamine have been classified by regulation as Schedule II substances"); Fabricant v. United States, No. CV 14-8124-RSWL, 2015 WL 5923481, at *11 n.17 (C.D. Cal. Oct. 8, 2015) ("It is well settled that methamphetamine, in all its forms, has been classified as a Schedule II controlled substance in accordance with 21 C.F.R. § 1308.12(d)," listing circuit court cases from Third, Fifth, Sixth, Seventh, Eighth, Tenth and Eleventh Circuits).  Defendant's *pro se* motion to dismiss also asserts a vagueness argument based on United States v. Colon-Ortiz, 866 F.2d 6, 9-10 (1st Cir. 1989), but, as the First Circuit more recently pointed out, that case is also clearly confined to "the language of a prior version of 21 U.S.C. § 841(b)(1)(B)."  United States v. Hebshie, 549 F.3d 30, 46 n.16 (1st Cir. 2008).

Because of the frivolous nature of the underlying *pro se* motion to dismiss, the burden that allowing hybrid representation to pursue such a motion would impose on the Court and the government and the adverse impact that this hybrid representation would have on Defendant's attorney-client relationship with his legal counsel, the motion for limited self-representation (ECF No. 13) is denied.  Based on the foregoing, the *pro se* motion to dismiss that was filed in the same document as the motion for self-representation will not be considered further. So ordered.

ENTER:

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
March 9, 2020